Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Chrome Hearts LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS SABO COMPANY, an unknown entity,<br><br>    Defendant. | CASE NO. CV10 3393 MMM PJWx<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **TRADEMARK INFRINGEMENT** (15 U.S.C. §1114)<br>2. **FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS** (15 U.S.C. § 1125(a))<br>3. **TRADE DRESS INFRINGEMENT** (15 U.S.C. § 1125(a))<br>4. **TRADEMARK DILUTION** (15 U.S.C. §1125(c))<br>5. **TRADEMARK DILUTION UNDER CALIFORNIA LAW** (Cal. Bus. & Prof. Code § 14247)<br>6. **COPYRIGHT INFRINGEMENT** (17 U.S.C. 501)<br>7. **COMMON LAW UNFAIR COMPETITION**<br><br>JURY TRIAL DEMANDED |

Plaintiff Chrome Hearts LLC ("Plaintiff" or "Chrome Hearts") for its claims against defendant Thomas Sabo Company (hereinafter "Defendant" or "Thomas Sabo") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff filed this action against Defendant for copyright infringement under 17 U.S.C. § 101, et seq., as well as trademark and trade dress infringement, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the copyright and federal trademark infringement, unfair competition and trademark dilution claims under 17 U.S.C. §501 et seq., 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has personal jurisdiction over Defendant because Defendant is conducting business within the State of California, including operating a retail store in Los Angeles, California in this judicial district.

3. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Chrome Hearts is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business at 915 North Mansfield, Los Angeles, California 90038.

5. Upon information and belief, Defendant Thomas Sabo Company, is an entity of unknown character with an office and place of business located at The Beverly Center, 8500 Beverly Boulevard, 6th Floor, Los Angeles, California 90048.

## NATURE OF ACTION

6. Plaintiff seeks injunctive relief and damages based upon Defendant's trademark and copyright infringement and unfair competition with Plaintiff's intellectual property rights as specified herein. Defendant's willful infringement has negatively impacted both upon Plaintiff's intellectual property rights as well as Plaintiff's ability to avoid dilution of its trademark rights. In this regard, it is noteworthy that Plaintiff attempted to resolve this matter informally by putting Defendant on notice with a letter from Plaintiff's counsel and that Defendant made the affirmative decision to continue its infringing activities.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.   Chrome Hearts' Family of Trademarks, Logos, and Designs**

7. Plaintiff Chrome Hearts has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1989.

8. Their products and/or packaging all prominently bear the trademark CHROME HEARTS.

9. Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, belt buckles, and sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, along with a wide collection of other products, including its recent line of custom, one-of-a-kind furniture.

10. Chrome Hearts pioneered the idea of combining the look of rugged, motorcycle-style apparel with fashion attire to make cutting-edge apparel and accessories. All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts further pioneered the look of suede inlay designs in connection with leather clothing. Once thought of as only a look for outlaw motorcyclists, Chrome Hearts has created a fashion niche that is now coveted in the uppermost fashion circles.

11. Entertainers, such as Cher, Billy Idol, Aerosmith, Lenny Kravitz, Guns N' Roses, Seal, Madonna, Keith Richards, Danny Glover, Sting, Gloria Estefan, Christy Turlington, Naomi Campbell and Sharon Stone can all be seen in Chrome Hearts' fashions. Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world and in select specialty stores, such as Browns of London and the United Arrows and Intellectual Galleries boutiques in Japan.

12. In 1993, the Council of Fashion Designers of America ("CFDA") presented Plaintiff Chrome Hearts with an unsolicited award as designer of the year for its innovative accessories and jewelry designs.

13. All Chrome Hearts products are handmade in Los Angeles by Chrome Hearts' craftsmen. The level of expert workmanship exercised by these individuals is superior and conforms to the strict standards established by Chrome Hearts.

14. Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

15. Since 1991, Chrome Hearts' products have generated sales at retail of over three hundred fifty million dollars ($350,000,000).

16. Chrome Hearts is the owner of the word mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and numerous design trademarks (hereinafter collectively the "Chrome Hearts Marks").

17. Among the numerous Chrome Hearts Marks are the CH Plus trademark (which includes but is not limited to U.S. Trademark Reg. Nos. 3,385,449; 3,365,408; 3,743,975; 3,748,891; 3,731,400; and 3,388,911) and the CH Cross trademark (which includes but is not limited to U.S. Trademark Reg. Nos. 3,605,860, 3,731,397, 3,605,854 and 3,606,059), which are two of the most well recognized iconic of Plaintiff's trademarks and serve as instant source identifiers for Chrome Hearts'

1 products, such as jewelry, leather goods, clothing and accessories. Attached hereto and incorporated herein as *Exhibit 1* are true and correct copies of the U.S. Trademark Registrations for the CH Plus and CH Cross trademarks.

18. The designs of both the CH Plus design (also referred to as the Cross #4 in Plaintiff's Copyright Registration) and the CH Cross design have also been registered with the U.S. Copyright Office (U.S. Copyright Reg. No. VA 705-233 and U.S. Copyright Reg. No. VA 705-193 respectively). Attached hereto and incorporated herein as *Exhibit 2* are true and correct copies of the Copyright Registrations for the CH Plus and CH Cross designs.

19. Many of Chrome Hearts' products, including jewelry, leather goods, hats and handbags prominently display and are adorned with the CH Plus and CH Cross trademarks and designs.

20. The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

**B.   Defendant's Infringing Conduct**

21. This lawsuit concerns the infringement of the CH Plus and CH Cross designs and trademarks by Defendant. Defendant has violated Plaintiff's rights in and to the CH Plus and CH Cross trademarks by using such designs in connection with Defendant's jewelry products.

22. Upon information and belief, Defendant Thomas Sabo is a company engaged in the business of designing, manufacturing, producing, selling, advertising, and marketing jewelry.

23. In or around January 2008, Chrome Hearts discovered that Thomas Sabo was involved in advertising, distributing and selling jewelry comprising and bearing designs confusingly similar to Plaintiff's CH Plus and CH Cross trademarks and designs.

24. In or around February 2008, prior to the filing of a lawsuit, Chrome Hearts, through its counsel, put Thomas Sabo on notice of its infringing activities and demanded that such activities be immediately terminated. At the time, counsel for Thomas Sabo responded by asking for additional documentation supporting Plaintiff's claims. Counsel for Plaintiff provided Thomas Sabo's counsel with copies of Chrome Hearts' relevant copyright and trademark registrations that are being infringed and emphasizing the long standing usage by Chrome Hearts of its CH Plus and CH Cross designs and trademarks.

25. In or around February 2010, Plaintiff Chrome Hearts discovered that Defendant Thomas Sabo was more actively involved in advertising, distributing, offering for sale and selling jewelry comprising and bearing marks which are substantially similar to and/or confusingly similar to the CH Plus and CH Cross designs and trademarks (the "Infringing Marks").

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act)

26. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

27. Plaintiff's CH Plus and CH Cross designs and trademarks are internationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiff.

28. The trademark registrations for the CH Plus and CH Cross Marks are in full force and effect and have been used continuously since their respective first dates of use.

29. Defendant's unauthorized use of Plaintiff's CH Plus and CH Cross trademarks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or

come from the same source as Plaintiff's goods and are of the same quality as that assured by the Chrome Hearts Marks.

30. Defendant's use of the CH Plus and CH Cross trademarks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

31. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff.

32. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's trademarks.

33. Defendant's acts violate the Lanham Act.

34. As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Plaintiff's trademarks.

35. Plaintiff has no adequate remedy at law.

36. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks or any of the Chrome Hearts Marks, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))

37. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

38. Defendant's unauthorized use of the CH Plus and CH Cross trademarks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Plaintiff's goods when, in fact, they do not.

39. Defendant's use of the Infringing Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

40. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Chrome Hearts.

41. Plaintiff has no adequate remedy at law.

42. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks or any of the Chrome Hearts Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

43. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

8
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

44. Plaintiff's CH Plus and CH Cross trademarks are nonfunctional and their inherently distinctive quality have achieved a high degree of consumer recognition and serve to identify Chrome Hearts as the source of high quality goods.

45. Defendant's use of marks confusingly similar to the CH Plus and CH Cross trademarks in the manner implemented by Defendant on its goods imitates the overall look and appearance of Chrome Hearts products such as to cause a likelihood of confusion between Defendant's goods and Plaintiff's goods.

46. Defendant's unauthorized use of Plaintiff's CH Plus and CH Cross trademarks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when, in fact, they do not.

47. Defendant's use of Plaintiff's CH Plus and CH Cross Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

48. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff.

49. Plaintiff has no adequate remedy at law.

50. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks or any of the Chrome Hearts Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

### FOURTH CLAIM FOR RELIEF
### (Trademark Dilution – 15 U.S.C. § 1125(c))

51. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52. Plaintiff's Chrome Hearts Marks, including the CH Plus and CH Cross trademarks, are "famous" within the meaning of Lanham Act.

53. Defendant has used in commerce in connection with the sale of its products counterfeit reproductions of Plaintiff's trademarks, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiff.

54. Defendant's acts described above have diluted and continue to dilute Plaintiff's unique and distinctive trademarks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's trademarks.

55. Upon information and belief, Defendant's unlawful actions began long after Plaintiff's CH Plus and CH Cross trademarks became famous.

56. Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's CH Plus and CH Cross trademarks. Defendant's conduct is willful, wanton and egregious.

57. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless they are enjoined by this Court.

58. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks and all Chrome Hearts Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of

their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Violation of Cal. Bus & Prof. Code § 14247)

59. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

60. The Chrome Hearts Marks, including the CH Plus and CH Cross trademarks, are distinctive marks in the State of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of California and the extensive advertising and wide spread publicity of the marks in the State of California.

61. As a result of the substantial inherent and acquired distinctiveness, extensive use in the State of California, and the extensive advertising and publicity of the Chrome Hearts Marks in the State of California, they have become strong and are widely renowned.

62. The actions of Defendant complained of herein are likely to injure the business reputation and dilute the distinctive quality of the Chrome Hearts Marks, which are famous.

63. The foregoing acts of Defendant constitute dilution and injury to business reputation in violation of Section 14247 of the California Business and Professions Code.

64. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter Defendant from similar such conduct in the future.

65. By reason of the foregoing, Plaintiff is being damaged by Defendant's use of the CH Plus and CH Cross trademarks in the manner set forth above, and will continue to be damaged, unless Defendant is immediately enjoined under Sections

1  14247 and 14250 of the California Business and Professions Code from using any of
2  the Chrome Hearts Marks.
3       66.   Chrome Hearts will be irreparably injured by the continued acts of
4  Defendant, unless such acts are enjoined.
5       67.   Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Copyright Infringement – 17 U.S.C. § 501)

8       68.   Plaintiff incorporates herein by reference the averments of the preceding
9  paragraphs as though fully set forth herein.
10      69.   As the owner of Copyright Registrations for the CH Plus/Cross #4 and
11 CH Cross designs (U.S. Copyright Reg. No. VA 705-233 and U.S. Copyright Reg. No.
12 VA 705-193, espectively), Plaintiff Chrome Hearts is entitled to the exclusive use of
13 the CH Plus and CH Cross designs without the unauthorized use by third parties.
14      70.   Given the widespread popularity of the CH Plus and CH Cross designs,
15 Defendant had access to works bearing these designs and upon information and belief
16 Defendant has knowingly infringed upon them by manufacturing, distributing and
17 selling products bearing designs which are substantially similar to the CH Plus and CH
18 Cross designs, in violation of 17 U.S.C. § 501.
19      71.   Upon information and belief, Defendant has intentionally, knowingly and
20 willfully copied Chrome Hearts' CH Plus and CH Cross designs to benefit from the
21 widespread customer recognition and acceptance of the CH Plus and CH Cross
22 designs, and to capitalize upon the market created by Plaintiff Chrome Hearts for its
23 designs.
24      72.   Upon information and belief, the aforesaid infringement by Defendant of
25 Plaintiff Chrome Hearts' CH Plus and CH Cross designs was and continues to be with
26 the knowledge that such designs are copyrighted and that Defendant, in committing the
27 acts complained of herein, has willfully infringed upon Chrome Hearts' rights under
28 the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

73. Defendant's infringement of Chrome Hearts' CH Plus and CH Cross designs is to the great and irreparable damage of Plaintiff, and Plaintiff is informed and believes, as indicated, that Defendant will continue such infringement unless enjoined by this Court.

74. Plaintiff has no adequate remedy at law.

75. Plaintiff has suffered loss of profits and other damage, and Defendant has earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendant.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

76. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

77. Plaintiff owns and enjoys common law trademark rights in California and throughout the United States.

78. Defendant's unlawful acts in appropriating rights in Plaintiff's common law trademarks were intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Plaintiff's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

79. Defendant's unauthorized use of Plaintiff's Chrome Hearts Marks and Copyrighted Designs has caused and is likely to cause confusion as to the source of Defendant's clothing, all to the detriment of Plaintiff.

80. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

81. Defendant's acts constitute unfair competition under California common law.

82. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

83. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was willful and harmful to Plaintiff and, as such, supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter Defendant from similar such conduct in the future.

84. Plaintiff has no adequate remedy at law.

85. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using Plaintiff's Chrome Hearts Marks and copyrighted works, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chrome Hearts respectfully prays that this Court enter judgment in its favor and against Defendant as follows:

A. Granting temporary, preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1) Using the Infringing Marks;

(2) Using any of the Chrome Hearts Marks, including the CH Plus and CH Cross trademarks, or any other designs which are identical and/or confusingly similar to that of Plaintiff's Chrome Hearts Marks;

(3) Using any of the designs which are substantially similar to that of Chrome Hearts' copyrighted works;

1        (4)    Committing any other act which falsely represents or which has the
2 effect of falsely representing that the goods and services of Defendant are licensed by,
3 authorized by, offered by, produced by, sponsored by, or in any other way associated
4 with Chrome Hearts;
5        (5)    Otherwise infringing upon Plaintiff's registered and common law
6 family of Marks;
7        (6)    Otherwise diluting Plaintiff's family of Marks; and
8        (7)    Unfairly competing with Chrome Hearts;
9    B.    Ordering an accounting of Defendant's gains, profits and advantages
10 derived from its wrongful acts;
11    C.    Ordering Defendant to disgorge its profits;
12    D.    Awarding Plaintiff all of Defendant's profits and all damages sustained by
13 Plaintiff as a result of Defendant's wrongful acts, and such other compensatory
14 damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C.
15 § 1117(a) and 17 U.S.C. § 504(b);
16    E.    Awarding treble damages in the amount of Defendant's profits or
17 Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15
18 U.S.C. § 1117(b);
19    F.    Awarding applicable interest, costs, disbursements and attorneys' fees,
20 pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;
21    G.    Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c) and
22 17 U.S.C. § 504(c);
23    H.    Awarding Plaintiff such other and further relief as the Court deems just
24 and proper.
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 | Dated: May 5, 2010

BLAKELY LAW GROUP

By: *[signature]*
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*Chrome Hearts LLC*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

Dated: May 5, 2010

BLAKELY LAW GROUP

By: *[signature]*
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*Chrome Hearts LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV10- 3393 MMM (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Attorneys for Plaintiff Chrome Hearts LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>PLAINTIFF(S)<br>v.<br>THOMAS SABO COMPANY, an unknown entity,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 3393  MMM PJWx<br><br>SUMMONS |

TO: DEFENDANT(S): Thomas Sabo Company

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Brent H. Blakely or Cindy Chan__, whose address is __BLAKELY LAW GROUP  915 North Citrus Avenue Los Angeles, California 90038__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY - 6 2010

By: CHRISTOPHER POWERS
    Deputy Clerk

(Seal of the Court)  SEAL

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)                            SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Chrome Hearts LLC

**DEFENDANTS**
Thomas Sabo Company

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BLAKELY LAW GROUP   Telephone: (323) 464-7400
915 North Citrus Avenue
Los Angeles, California 90038

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. § 101, et seq. and 15 U.S.C. §1051 et seq. - Trademark Infringement under Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____   CV10 3393

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Chrome Hearts LLC - Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Thomas Sabo Company - Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims - Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 05/06/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |